**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO ANTONIO MATA-MENDOZA,<br><br>               Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No. 14-70393<br><br>Agency No. A074-374-815<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Eduardo Antonio Mata-Mendoza, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's order denying his motion to

reopen proceedings conducted in absentia.  Our jurisdiction is governed by 8

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Mata-Mendoza's motion to reopen as untimely where it was filed fifteen years after his deportation order became final, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1), and Mata-Mendoza failed to show the due diligence necessary for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling of the filing deadline is available to a petitioner who establishes that he was prevented from filing because of deception, fraud or error, and acted with due diligence in discovering such circumstances).

Mata-Mendoza's contentions that the agency did not state the relevant factors or apply the correct legal standard in evaluating his motion to reopen is not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

To the extent Mata-Mendoza now claims notice of his hearing was not proper, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

14-70393

We lack jurisdiction to review the agency's decision declining to exercise its sua sponte authority to reopen. *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

In light of our disposition, we need not reach Mata-Mendoza's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**